CJ America, Inc.
EDWIN K. LEE (State Bar No. 304211)
Edwin.lee@cj.net
5700 Wilshire Blvd Suite 550.
Los Angeles, CA 90036
Telephone: (213) 738-1439
Facsimile:  (231) 738-1601

Attorney for Defendant,
Bibigo International LLC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER, | Case No.: 2:19-cv-06613-JAK-PLA |
| Plaintiff, | **DEFENDANT'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** |
| vs. | |
| BIBIGO INTERNATIONAL, LLC, a California Limited Liability Company; and DOES 1-10, inclusive, | Hon. John A. Kronstadt |
| Defendant(s). | |

1       Defendant, BIBIGO INTERNATIONAL, LLC ("Defendant") hereby

2   respond to the Complaint of plaintiff Brian Whitaker ("Plaintiff") as follows:

3   <u>**ANSWER TO ALLEGATIONS**</u>

4   **PARTIES:**

5       1.    Answering Paragraph 1 of the Complaint, Defendant is without

6   sufficient knowledge or information to form a belief as to the truth of the

7   allegations contained therein and, on that basis, denies each and every allegation

8   contained therein.

9       2.    Answering Paragraph 2 of the Complaint, Defendant admits that

10  Defendant owned restaurant located at or about 2210 Sawtelle Blvd., Los Angeles,

11  California, in July 2019.

12      3.    Answering Paragraph 3 of the Complaint, Defendant admits that

13  Defendant owns Bibigo ("Restaurant") located at or about 2210 Sawtelle Blvd., Los

14  Angeles, California, currently.

15      4.    Answering Paragraph 4 of the Complaint, Defendant is without

16  sufficient knowledge or information to form a belief as to the truth of the

17  allegations contained therein and, on that basis, denies each and every allegation

18  contained therein.

19  **JURISDICTION & VENUE:**

20      5.    Answering Paragraph 5 of the Complaint, Defendant states that

21  allegations in this paragraph contains restatement of the law, to which no response

22  is required.  To the extent a response is required, Defendant denies each and every

23  allegation contained therein, except to admit that this Court has subject matter

24  jurisdiction over actions arising under 28 U.S.C. §1331 and §1343(a)(3) & (a)(4)

25  for violations of the Americans with Disabilities Act, 42 U.S.C. §12101, et seq.

26      6.    Answering Paragraph 6 of the Complaint, Defendant states that this

27  paragraph is a restatement of the law, to which no response is required.  To the

28  extent a response is required, Defendant denies each and every allegation contained

therein, except to admit that this Court may have supplemental jurisdiction over Plaintiff's additional state claim, until such time as Plaintiff's federal claims are moot.

7.     Answering Paragraph 7 of the Complaint, Defendant admits that venue is proper in this court.

## FACTUAL ALLEGATIONS:

8.     Answering Paragraph 8 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies each and every allegation contained therein.

9.     Answering Paragraph 9 of the Complaint, Defendant admits the allegations therein.

10.     Answering Paragraph 10 of the Complaint, Defendant admits the allegations therein.

11.     Answering Paragraph 11 of the Complaint, Defendant states that allegations in this paragraph are argument and conclusions of law that require no answer.  To the extent a response is required, Defendant denies each and every allegation contained therein.

12.     Answering Paragraph 12 of the Complaint, Defendant states that allegations in this paragraph are argument and conclusions of law that require no answer.  To the extent a response is required, Defendant denies each and every allegation contained therein.

13.     Answering Paragraph 13 of the Complaint, Defendant states that allegations in this paragraph are argument and conclusions of law that require no answer.  To the extent a response is required, Defendant denies each and every allegation contained therein.

14.     Answering Paragraph 14 of the Complaint, Defendant states that allegations in this paragraph are argument and conclusions of law that require no

answer.  To the extent a response is required, Defendant denies each and every allegation contained therein.

15.     Answering Paragraph 15 of the Complaint, Defendant states that allegations in this paragraph are argument and conclusions of law that require no answer.  To the extent a response is required, Defendant denies each and every allegation contained therein.

16.     Answering Paragraph 16 of the Complaint, Defendant admits the allegations of this Paragraph.

17.     Answering Paragraph 17 of the Complaint, Defendant states that allegations in this paragraph are argument and conclusions of law that require no answer.  To the extent a response is required, Defendant admits that Plaintiff did not confront the barrier, but denies all other allegations contained therein.

18.     Answering Paragraph 18 of the Complaint, Defendant states that allegations in this paragraph are argument and conclusions of law that require no answer.  To the extent a response is required, Defendant denies each and every allegation contained therein.

19.     Answering Paragraph 19 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

20.     Answering Paragraph 20 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

21.     Answering Paragraph 21 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISBILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101,et seq.)

22.    Answering Paragraph 22 of the Complaint, Defendant states that this paragraph contains a recital of the allegations contained in paragraph 1 through 21 of the Complaint.  Based on the foregoing, Defendant incorporates by reference herein its responses to paragraphs 1 through 21 above.

23.    Answering Paragraph 23 of the Complaint, Defendant states that this this paragraph contains Plaintiff's restatement of the law, to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein.

24.    Answering Paragraph 24 of the Complaint, Defendant states that allegations in this paragraph contains Plaintiff's argument and conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

25.    Answering Paragraph 25 of the Complaint, Defendant states that allegations in this paragraph contains Plaintiff's argument and conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

26.    Answering Paragraph 26 of the Complaint, Defendant states that allegations in this paragraph contains Plaintiff's argument and conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

27.    Answering Paragraph 27 of the Complaint, Defendant states that allegations in this paragraph contains Plaintiff's argument and conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

28.     Answering Paragraph 28 of the Complaint, Defendant states that allegations in this paragraph contains Plaintiff's argument and conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

29.     Answering Paragraph 29 of the Complaint, Defendant states that allegations in this paragraph contains Plaintiff's argument and conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

30.     Answering Paragraph 30 of the Complaint, Defendant states that allegations in this paragraph contains Plaintiff's argument and conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code §51-53.)

31.     Answering Paragraph 31 of the Complaint, Defendant incorporates its answers contained in Paragraphs 1 through 30.  As to the Unruh Civil Rights Act, Defendant states that this statement is Plaintiff's restatement of California Civil Code, §51(b), to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

32.     Answering Paragraph 32 of the Complaint, Defendant states that this paragraph reflects Plaintiff's restatement of California Civil Code, §51(f), to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein

33.     Answering Paragraph 33 of the Complaint, Defendant denies each and every allegation therein.

34.     Answering Paragraph 34 of the Complaint, Defendant denies each and every allegation therein.

**PRAYER**

The remainder of Plaintiff's Complaint contains Plaintiff's prayer for relief, which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein and specifically denies that Plaintiff is entitled to any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE

(Standing)

1.      Plaintiff failed to show standing.  To invoke "the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) citing *Lyons, 461 U.S. at 101, 103 S.Ct. 1660.* The court in *Chapman* found that the plaintiff failed to show case or controversy requirement of Article III because the plaintiff left "the federal court to guess which, if any, of the alleged violations deprived him of the same full and equal access ... Nor does [he] identify how any of the alleged violations threatens to deprive him of full and equal access due to his disability if he were to return to the Store, or how any of them deter him from visiting the Store due to his disability. See *Chapman v. Pier 1 Imports (U.S.)* Inc., 631 F.3d 939, 955 (9th Cir. 2011). Here, Plaintiff lacks standing because the Complaint failed to allege how the alleged violations deprived Plaintiff of the same full and equal access or allege with particularity how the Restaurant's tables and restrooms failed to comply with relevant standards, depriving Plaintiff same full and equal access.

## SECOND AFFIRMATIVE DEFENSE

(Failure to Show Necessary Modifications of Policies, Practices, or Procedures)

2.      Plaintiff's Complaint and each and every claim contained therein fails to show "discrimination," in that Plaintiff failed to allege that Defendant failed to make reasonable modifications in *policies, practices, or procedures,* when such modifications are, [or were] necessary under 42 U.S.C. §12182(b)(2)(A)(ii).

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Show Architectural Barriers and Removals)

3.     Plaintiff's Complaint and each and every claim contained therein fails to show "discrimination," in that Plaintiff failed to show how the dining tables and the restroom were architectural barriers within the meaning of 42 U.S.C. §12182(b)(2)(A)(iv) or any other applicable legal or regulatory standards where failure to remove such barriers denied Plaintiff's full and equal access.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Show Alterations)

4.     Plaintiff's Complaint and each and every claim contained therein fails to allege "discrimination," in that Plaintiff failed to show that Defendant made an "alteration," within the meaning of 42 U.S.C. §12183(a)(2), and in addition, Plaintiff failed to show how Defendant failed to make alterations in such a manner that affected or could affect the usability of the building or facility.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Show Personal Encounter)

5.     Plaintiff's claims are barred from any recovery under the Unruh Act because the Complaint failed to show, as he admits in Paragraph 17 of the Complaint, that Plaintiff personally encountered the alleged violation which resulted in difficulty, discomfort, or embarrassment. See *Munson v. Del Taco, Inc*., 46 Cal. 4th 661, 677, 208 P.3d 623, 633 (2009)

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Show Likelihood of Future Harm)

6.     Plaintiff's claims are barred from any injunctive relief under the ADA because the alleged violations do not show that Plaintiff is likely to return and face the same discriminatory conditions and injury in the future. See *Vogel v. Rite Aid Corp.,* 992 F. Supp. 2d 998, 1008 (C.D. Cal. 2014).

**SEVENTH AFFIRMATIVE DEFENSE**

(Alternative methods)

7.      Defendant's claims are barred because, with respect to any particular architectural element of any restaurant that departs from accessibility guidelines, the Restaurant has provided "equivalent facilitation" in alternative designs that provide substantially equivalent or greater access to and usability of the facility.

**EIGHTH AFFIRMATIVE DEFENSE**

(No Entitlement to Attorney's Fees)

8.      Plaintiff is barred from recovering under the Complaint, in whole or in part, because the Complaint, and each and every claim contained therein, fails to state facts sufficient to entitle Plaintiff to an award of attorneys' fees.

**NINTH AFFIRMATIVE DEFENSE**

(Compliance)

9.      Plaintiff is barred from recovering under the Complaint, in whole or in part, because Defendant has substantially complied with all applicable statues, regulations, and/or laws.

**TENTH AFFIRMATIVE DEFENSE**

(Compensatory Damages)

10.      The Complaint fails to state a claim for compensatory damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Good Faith Efforts)

11.      Defendant has made good faith efforts to comply with the ADA, the Unruh Act, including providing appropriate alternative access.

**TWELFTH AFFIRMATIVE DEFENSE**

(Intended Purpose)

12.      Plaintiffs' claims are barred because the claimed violations are "de minimis," in that the alleged violations do not materially impair Plaintiffs' use or to an area or facility for its intended purpose.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Mootness)

13.    Plaintiff's claims are barred under the doctrine of mootness.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

14.    Plaintiff's claims are barred as he failed to exhaust administrative remedies under state law prior to filing this lawsuit.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

15.    Plaintiff's claims are barred under the doctrine of unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Good Faith Reliance)

16.    Plaintiff's Complaint and each claim alleged therein are barred by Defendant's good faith reliance upon reasonable interpretations of California law by local building authorities and issuance of appropriate building permits and Certificates of Occupancy for the facility at issue.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Supplemental Jurisdiction)

17.    Plaintiff's cause of action lacks supplemental jurisdiction.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Excessive Punitive Damages)

18.    Imposition of punitive damages in this matter would violate Defendant's right to due process of law in violation of the California Constitution and the United States Constitution.

## NINTEENTH AFFIRMATIVE DEFENSE

### (Excessive Statutory Damages)

19.    Allowing statutory damages in this matter would violate Defendant's right to due process of law in violation of the California and U.S. Constitution.

## TWENTIETH AFFIRMATIVE DEFENSE

(Statute of Limitations)

20.     Plaintiff's claims are barred by the application of the statute of limitations.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

21.     Plaintiff has failed to state a claim upon which relief can be granted.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Failure to Show His Visit with Particularity)

22.     Plaintiff lacks standing to challenge barriers in restaurants he did not actually visit prior to the filing of the complaint.

## PRAYER

**WHEREFORE,** Defendants pray that this Court enter a judgement as follows:

1.      That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

2.      That Plaintiff take nothing by way of his complaint;

3.      Defendant be awarded costs of suit;

4.      Defendant be awarded its attorney's fees incurred in the defense of this action, including its reasonable attorney's fees; and

5.      For such further and other relief as the Court may deem just and proper.

DATED: October 7, 2019                    CJ AMERICA, INC.
                                          Edwin K. Lee

                                          By: ___/s/ Edwin K. Lee_____
                                                      Edwin K. Lee

                                          Attorney for Defendant
                                          Bibigo International LLC.

1

## **DEMAND FOR JURY TRIAL**

2          Defendant hereby demands trial by jury.

3
DATED: October 7, 2019                CJ AMERICA, INC.
4                                      Edwin K. Lee

5                                      By: _____/s/ Edwin K. Lee_____
6                                              Edwin K. Lee

7
8                                      Attorney for Defendant
                                       Bibigo International LLC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28